UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-85-SSS-DCR-3 |
| | ) | |
| V. | ) | |
| | ) | |
| JENNIFER MACHELE HAMM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jennifer Hamm has objected to the guideline calculations contained in her Presentence Investigation Report ("PSR") based on the United States Probation Officer's failure to include a two-level reduction to her offense level based on her role in the offense. The United States has responded, contending that any adjustment for a mitigating role is not warranted because Hamm was at least an average participant in the drug-distribution offense. Having considered the testimony and other evidence presented at trial, the Court agrees with the position taken by the government with respect to this issue. As a result, the defendant's objection will be overruled.

**I.**

In calculating the total offense level under the United States Sentencing Guideline applicable in this matter,[1] the Court may apply a four-level reduction to the offense level if

---

[1] The Court is directed to apply the version of the United States Sentencing Guidelines Manual ("U.S.S.G.") in effect on the date that the defendant is sentenced unless such application raises *ex post facto* concern under the United States Constitution. *See* U.S.S.G. § 1B1.11. Here, the offense was committed in August 2016 and sentencing is scheduled for November 3, 2017.

the defendant is determined to be a minimal participant in the criminal activity in issue. Further, if the Court determines that the defendant does not qualify as a minimal participant, it may reduce the defendant's offense level by two levels if the defendant is determined to be a minor participant in the subject activity. *See* U.S.S.G. (2017) § 3B1.2.[2] This is a highly fact-intensive inquiry. However, the Application Notes identify a number of non-exclusive factors to consider in determining whether a defendant is entitled to a role reduction and, if so, the extent of the reduction.

As an initial matter, it is noteworthy that a defendant is not entitled to a role reduction just because her role was less significant in the overall criminal activity than other participants in the crime. Instead, the defendant must be "substantially less culpable than the average participant in the criminal activity." U.S.S.G. (2017), § 3B1.2, cmt. n. 3(A). Some of the factors to be considered in making this fact-based determination include:

> (i)     the degree to which the defendant understood the scope and structure of
>         the criminal activity;

---

Because application of the 2017 Guideline Manual does not raise any *ex post facto* concerns, that version of the manual will be utilized in evaluating the defendant's objection to the PSR for the upcoming sentencing hearing.

[2] This section was amended, effective November 1, 2015, to "provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." *See* Amendment 794, U.S.S.G, Supplement to Appendix C (2016). The Amendment was adopted following a Commission study which concluded that the role adjustment was being applied inconsistently and more sparingly than the Commission intended. Further, Amendment 794 generally adopts the view that the sentencing court should consider the defendant's criminal activity compared to other participants involved in the offense rather than the activity of the typical offender in similar crimes. As a result, Defendant Hamm's objection regarding her role will be considered in light of the offenders in this case and with a more liberal view in light of the purpose of the Amendment 794.

(ii)     the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and

(v)     the degree to which the defendant stood to benefit from the criminal activity.

*See* U.S.S.G. § 3B1.2 cmt. n. 3(C).

## II.

As defined in Application Note 5 to Section 3B1.2, a minor participant is "less culpable than most other participants in criminal activity, but whose role could not be described as minimal." Defendant Jennifer Hamm argues that she is entitled to a two-level reduction as a minor participant. She contends that "[a] complete review of the record confirms that she satisfies each of the five factors provided by the Sentencing Commission . . ." More specifically, Hamm contends that she:

> was unaware of the full scope and structure of Mr. Hamm's drug trafficking activities. While she rode with Mr. Hamm to obtain narcotics on a few occasions, Mrs. Hamm did not know that Mr. Hamm was obtaining quantities of drugs large enough to permit widespread distribution in Montgomery County. Instead, she believed that the purpose of the trips was to obtain small quantities of narcotics for use by a small group including herself, Mr. Hamm, and Ms. Myers. Likewise, Mrs. Hamm played no part in planning or organizing the drug trafficking in issue. Instead, Mr. Hamm made all decisions regarding his actual distribution scheme with Ms. Myers and Mr. Shields. In addition, Mrs. Hamm's actual participation in the scheme was limited. Mrs. Hamm simply rode with Mr. Hamm and sent text messages relating to drug activity at Mr. Hamm's direction; she had no responsibility or discretion in performing those acts. Last, Mrs. Hamm regularly emphasized that his drug transactions with Mr. Shields were relatively small, and he never provided Mrs. Hamm with anything other than small quantities of narcotics for her personal use.

*See* Jennifer Hamm's Objection to Paragraph 21 of PSR.

The United States Probation Officer responsible for preparing the PSR disagrees with Hamm's assessment of her role in the offense. In response to the defendant's objections, the officer notes that the evidence in the case indicates that she was well-aware of the scope and structure of the criminal activity that took place. Further, the officer cites to the factual basis contained in her written Plea Agreement which outlines that

> the defendant[] *agreed* with co-defendants *to distribute controlled substances* in Montgomery County. The defendant also admit[ted] that they purchased controlled substances that she believed to contain fentanyl. Further, "the defendant admits that upon their return to Montgomery County, the controlled substance believed to contain fentanyl was provided to Tracey Myers, a/k/a Tracey Smallwood (now deceased), for re-distribution in Montgomery County. L.K.W. was an individual who purchased a quantity of this controlled substance for his personal use. The defendant was present in Ms. Smallwood's home when L.K.W. purchased some of the controlled substance. L.K.W. ingested the substance and fatally overdosed on August 24, 2016." . . .

(emphasis in original) *See* Probation Officer's Response to Jennifer Hamm's Objection to Paragraph 21 of PSR. The United States also asserts that a role reduction is not appropriate because the defendant "was at least an average participant in the drug-distribution conspiracy." [Record No. 144] The Court agrees with this assessment for the reasons outlined in the government's response.

The following facts taken from the United States' response adequately summarized the testimony and other evidence in the case. These facts and evidence establish that a role reduction is not warranted.

- Contrary to the defendant's assertion, Defendant Hamm understood the scope and structure of the criminal activity. This conclusion is supported by the admissions

- 4 -

outlined in the defendant's Plea Agreement that controlled substances – believed to contain fentanyl – were obtained in the Cincinnati, Ohio, area for distribution in Montgomery County by members of the conspiracy.

- Defendant Hamm accompanied her husband and co-defendant on several occasions to purchase narcotics. This included the purchase of narcotics containing carfentanil on August 24, 2016, from Defendant Shields. Distribution of the substance resulted in the fatal overdose death of L.K.W. and multiple near-fatal overdoses of a number of other user in Montgomery County.

- Defendant Hamm was aware that Tracey Myers and Wesley Hamm had been making regular (often daily) trips to Cincinnati to purchase heroin and fentanyl. Hamm's trial testimony on this issue is confirmed by information provided by Myers prior to her suicide death. Myers advised police that she and Wesley Hamm had taken approximately 50 trips together to purchase these substances while Wesley Hamm made another 30 to 40 trips alone to make joint purchases.

- Video evidence presented during trial undercuts the defendant's contention that she did not know that Wesley Hamm was obtaining quantities of drugs large enough to permit widespread distribution in the area. During the video-recorded return trip in August 2016, a third person accompanying the Hamms (i.e., Matt Jones) is observed in a heavily-intoxicated state. In one segment, Wesley Hamm tells Jones to straighten up because he (Wesley Hamm) has a ½ ounce of dope on his person. [*See* United States Trial Exhibit 7.] Text messages between Hamm and co-Defendant

Shields confirms the amount, and Jennifer Hamm was present in the vehicle and actually recorded the video evidence.

- Defendant Hamm confirms in text messages that the narcotics they were obtaining and distributing in the Montgomery County area were potent narcotics. [*See* United States Trial Exhibit 10M.]

- Defendant Hamm was aware of previous sources of supply and was aware that Defendant Shields was a relatively-new supplier to her husband. She refers to Shields as "the new guy" in her text messages contained in United States Trial Exhibit 10M. Additional proof introduced during trial establishes that Shields had been the defendants' supplier for approximately five days.

- Proof introduced during trial also establishes that Jennifer Hamm participated in planning and organizing some of the criminal activity. For example, the defendant was the back-up contact for suppliers if her husband was not available. In addition to the fact that Jennifer Hamm has Shields' contact information in her phone, Shields also had contact information for Jennifer Hamm in his phone. Further, Wesley Hamm told buyers to call Jennifer if he could not be reached.

- Although Jennifer Hamm was not the primary decision maker, she was involved to a more limited degree and her involvement cannot be considered minimal as counsel suggests. Text messages introduced during trial demonstrate that, on one occasion, Jennifer Hamm declined an offer on behalf of herself and other conspirators to purchase narcotics from another distributor. In this exchange of messages, Hamm describes the product in the defendants' possession as "straight fire" and "RAW

fent." And due to its potency, the defendant declined the offer to try anything else. [*See* United States Trial Exhibit 10M.]

- Other evidence indicates that Wesley Hamm's phone was a point of contact by others attempting to collect drug debts and that Jennifer exercised some degree of control and authority in the repayment of that debt.

- The defendant's participation in the commission of the crime charged is greater than advocated by her attorney. As outlined in the text message referenced in the government's response, test messages indicate that Jennifer Hamm participated in distribution activities. Thus, while her primary motivation may have been obtaining drugs for personal use, she was also engaged in distributing to others. Likewise, she was aware that her co-defendants were distributing a portion of the drugs they were obtaining.

- While there is no evidence that Jennifer Hamm receive large profits from her activities in the drug conspiracy, she and her husband were able to sustain and feed significant drug addictions and meet the necessities of life despite being unemployed since approximately 2008.

### III.

Defendant Jennifer Hamm is not entitled to a role reduction under U.S.S.G. § 3B1.2 (2017). In reaching this conclusion, the Court has considered the recent amendment to the United States Sentencing Guidelines. However, the evidence offered during trial simply does not demonstrate by a preponderance of the evidence that Defendant Hamm is substantially less culpable that the average participant in this offense.

This 31st day of October, 2017.



Signed By:

*Danny C. Reeves*

United States District Judge